UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
TROY MCKENZIE,

                    Petitioner,

     -against-

UNITED STATES OF AMERICA,

                    Respondent.
-----------------------------------------X

**MATSUMOTO, United States District Judge:**

        On June 25, 2012, petitioner Troy McKenzie ("petitioner"), proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2255 ("§ 2255") seeking to vacate his sentence. (ECF No. 1.) On November 2, 2015, the court denied the petition, but did not clarify whether a certificate of appealability should be issued. (ECF No. 13, Memorandum and Order ("11/2/15 Op.").) On January 4, 2016, petitioner filed a motion seeking a certificate of appealability. (ECF No. 16, Motion for Certificate of Appealability ("Pet. Mot.").) Petitioner sought a certificate of appealability on three issues: (1) whether his counsel was ineffective for allegedly failing to permit petitioner to testify; (2) whether his counsel was ineffective for failing to discover and present evidence that would have impeached a key government witness; and (3) whether certain "new evidence" establishes his actual innocence.

**MEMORANDUM & ORDER**

12-CV-3221 (KAM)

## LEGAL STANDARD

In a proceeding under § 2255, a certificate of appealability may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Perez*, 129 F.3d 255, 259–60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).

## DISCUSSION

The court presumes familiarity with the underlying facts in this case as set out in the 11/2/15 Opinion denying petitioner habeas relief. In the 11/2/15 Opinion, the court addressed petitioner's claim regarding his trial counsel's ineffectiveness for failing to permit him to testify as well as petitioner's claim regarding "new evidence" that he argues establishes his actual innocence. For the reasons discussed in the 11/2/15 Opinion, petitioner has not made a substantial showing of the denial of a constitutional right with regard to either his ineffective assistance claim or his actual innocence claim. Therefore, a certificate of appealability will not issue regarding petitioner's claim about his trial counsel's ineffectiveness for failing to permit him to testify or his claim regarding his actual innocence.[1]

---

[1] Petitioner has not sought a certificate of appealability on the third and final ground raised in his original habeas petition, which sought relief based on trial counsel's ineffectiveness for failing to properly advise him during his safety valve proffer. (*See* 11/2/15 Op. at 30-33.)

However, petitioner raises a new issue in his motion for a certificate of appealability that was not raised in his June 25, 2012 habeas petition or addressed in the court's 11/2/15 Opinion. Specifically, petitioner appears to argue that his trial counsel was ineffective for failing to introduce into evidence an affidavit by Marlon Campbell, who avers that the government's chief witness Robert McCleary overstated the degree of petitioner's involvement in the charged offenses to secure favorable treatment on McCleary's own pending state and federal charges. (Pet. Mot. at 16-18.) Petitioner summarizes Campbell's significance as follows:

> After trial, Petitioner obtained an affidavit from Marlon Campbell, who was incarcerated with McCleary at the Metropolitan Detention Center in Brooklyn, New York. In sum, Campbell avers that McCleary told Campbell that McCleary did not know Petitioner nor had any dealing with him, except for his phone calls to give McCleary directions, and that McCleary only implicated Petitioner because McCleary was seeking substantial assistance from the government and implicating Petitioner would maximize his chances for same.

(*Id.* at 17.) Because Campbell's affidavit formed the basis of the actual innocence claim raised in petitioner's habeas petition, the court discussed the affidavit in detail in the 11/2/15 Opinion. (*See* 11/2/15 Op. at 33-43.) Petitioner has essentially repackaged the actual innocence claim rejected in the court's 11/2/15 Opinion as an ineffective assistance of counsel claim.

As an initial matter, a motion for a certificate of appealability is an inappropriate mechanism for raising a new

ground for habeas relief. *See Chue v. United States*, 894 F. Supp. 2d 487, 492 (S.D.N.Y. 2012) ("The petitioner cannot raise a new ground for relief at the stage of an application for a certificate of appealability."). In any event, for the reasons discussed below, petitioner's new ineffective assistance claim based on trial counsel's failure to discover Campbell or elicit his statement is meritless.

A claim for ineffective assistance of counsel is governed by the framework set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court articulated a two-prong test to determine whether an attorney has provided effective assistance of counsel. The *Strickland* test evaluates whether the petitioner received reasonable effective assistance of counsel, such that counsel's actions neither: (1) fell below an objective standard of reasonableness (the "performance prong"); nor (2) resulted in a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors (the "prejudice prong"). *Id* at 687-96. The *Strickland* standard is both "highly demanding" and "rigorous." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986); *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001) ("The *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard."). The petitioner bears the burden of proving

that both *Strickland* prongs are met. *See Byrd v. Evans*, 420 F.
App'x 28, 30 (2d Cir. 2011) (citing *Kimmelman*, 477 U.S. at 381).

In considering the performance prong, a court must
"indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance."
*Strickland*, 466 U.S. at 689. Counsel "has a duty to make reasonable
investigations or to make a reasonable decision that makes
particular investigations unnecessary." *Id.* at 691. The duty to
investigate is crucial to the adversarial testing process because
the "testing process generally will not function properly unless
defense counsel has done some investigation into the prosecution's
case and into various defense strategies." *Kimmelman*, 477 U.S. at
384. The duty to investigate does not "compel defense counsel to
investigate comprehensively every lead or possible defense,"
*Greiner v. Wells*, 417 F.3d 305, 321 (2d Cir. 2005), or to "scour
the globe on the off chance something will turn up." *Rompilla v.
Beard*, 545 U.S. 374, 383 (2005). "[R]easonably diligent counsel
may draw a line when they have good reason to think further
investigation would be a waste." *Id.*

Under the prejudice prong, courts consider "whether
counsel's conduct so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having
produced a just result." *Strickland*, 466 U.S. at 686. To establish
prejudice, a petitioner must demonstrate that "'there is a

5

reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" *Henry v. Poole*, 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 695). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Petitioner's claim for ineffective assistance of counsel fails under both the performance and prejudice prongs of the *Strickland* analysis.

A.  *Performance*

As to the performance prong, petitioner only argues, in a conclusory manner, that "had defense counsel performed any reasonable investigation, he could have discovered this vital witness, Campbell, and timely moved for a new trial." (Pet. Mot. at 17.) Petitioner has not provided any explanation as to how his trial counsel could have discovered Campbell — who was incarcerated at the time — or elicited his statement arguably undermining McCleary's credibility. Campbell's affidavit was dated October 22, 2008, months after petitioner's trial came to an end. (11/2/15 Op. at 38.) Further, petitioner's counsel discussed the affidavit with the court at the sentencing hearing on August 13, 2009. (*See* Sent. Tr. at 36.) More fundamentally, the court has already concluded that even if petitioner had moved for a new trial based on Campbell's affidavit, "his motion would likely have been denied

under the high threshold required for granting a motion for a new trial." (11/2/15 Op. at 38-39 n. 7.) Accordingly, petitioner has failed to establish that his trial counsel's performance was deficient. *See Rompilla*, 545 U.S. at 383 (holding that trial counsel need not "scour the globe on the off chance something will turn up").

B. *Prejudice*

As the court discussed in the 11/2/15 Opinion, Campbell's affidavit does not constitute "evidence that is likely to call into question the credibility of the trial evidence, including McCleary's sworn testimony, that was subject to cross-examination at trial, and the corroborating conversations between petitioner and McCleary." (11/2/15 Op. at 39.) For essentially the same reasons that the affidavit proved an insufficient vehicle for petitioner's actual innocence claim, petitioner cannot establish here that, had counsel been able to introduce the affidavit, "the factfinder would have had a reasonable doubt respecting guilt." *Henry*, 409 F.3d at 63-64 (internal quotation marks and citation omitted). Petitioner has therefore failed to carry his burden on the prejudice prong.

## CONCLUSION

For the reasons provided in this memorandum and opinion, the court declines to grant petitioner a certificate of appealability on any of the claims raised in his motion seeking a

certificate of appealability. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

**SO ORDERED.**


_____/s/_____
Kiyo A. Matsumoto
United States District Judge


Dated:   April 18, 2016
         Brooklyn, New York